IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ricky Alan Childers,<br><br>　　Plaintiff,<br><br>　　v.<br><br>State Farm Life Insurance Company,<br><br>　　Defendant.[1]<br>_____<br>State Farm Life Insurance Company,<br><br>　　Counter Claimant,<br><br>　　v.<br><br>Ricky Alan Childers,<br><br>　　Counter Defendant.<br>_____<br>State Farm Life Insurance Company,<br><br>　　Third-Party Plaintiff,<br><br>　　v.<br><br>Kimberly Elaine McGee, Ryan M. Osborne, Alice Riedel, Gregory M. Riedel, Robert Riedel, Arthur and Peggy Telson, and Yvonne and Dakota Telson,<br><br>　　Third-Party Defendants.<br>_____ | Case No. 6:14-251-JMC-JDA<br><br><br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

---

[1] All claims asserted by Plaintiff Ricky Alan Childers against Defendant State Farm Life Insurance Company were dismissed with prejudice pursuant to a stipulation of dismissal filed on May 9, 2014. [Doc. 24.]

This matter is before the Court on a motion to dismiss filed by State Farm Life Insurance Company ("State Farm") [Doc. 37]; a motion for summary judgment filed by Ricky Alan Childers ("Childers") [Doc. 61]; and a motion for default judgment as to Third-Party Defendants Gregory M. Riedel, Yvonne & Dakota Telson, Arthur & Peggy Telson, Robert Riedel, Alice Riedel, and Kimberly Elaine McGee filed by Childers [Doc. 71]. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.

## **BACKGROUND**

Childers filed this action in the Greenville County Court of Common Pleas on January 27, 2014, seeking to collect proceeds as beneficiary to a life insurance policy issued to Geraldine L. Riedel ("the Policy").[2] [Doc. 1-1.] The case was removed to federal court on January 30, 2014 [Doc. 1], and State Farm filed an Answer and Counterclaim on February 5, 2014 [Doc. 5]. Subsequently, State Farm deposited $102,347.77 into the registry of this Court [Doc. 11; *see also* Docs. 8, 9] and filed a Third Party Complaint, naming as Third-Party Defendants all other individuals named as beneficiaries to the Policy during the lifetime of the policy holder [Doc. 15]. Third-Party Defendant Ryan Osborne filed a pro se Answer to the Third Party Complaint on May 13, 2014, in which he does not dispute that he was at one time the primary beneficiary of the Policy but that the

---

[2]State Farm asserts that both Childers and Gregory M. Riedel made claims seeking payment of the death benefits payable under the Policy and that Gregory M. Riedel has challenged the validity of the change of beneficiary to Childers. [Doc. 15 ¶¶ 21–22.]

2

policyholder had since changed the beneficiary. [Doc. 25.] On June 12, 2014, the Clerk entered default as to Third-Party Defendants Gregory M. Riedel, Yvonne & Dakota Telson, Arthur & Peggy Telson, Robert Riedel, Alice Riedel, and Kimberly Elaine McGee ("the Defaulted Third-Party Defendants"). [Doc. 47.]

On May 29, 2014, State Farm filed a motion to be dismissed from the action because the funds at issue had been deposited with the Court, State Farm has no further stake in the outcome of the litigation, and the only remaining issue is the determination of the rightful owner of the life insurance proceeds. [Doc. 37.] On July 23, 2014, Childers filed a motion for summary judgment, arguing that the evidence demonstrates Childers is the beneficiary of the Policy and, therefore, the proceeds held by the Court should be paid to Childers. [Doc. 61.] On August 21, 2014, Childers filed a motion for default judgment against the Defaulted Third-Party Defendants. [Doc. 71.] No party has filed a response in opposition to any of the pending motions, which are ripe for review.

## DISCUSSION

**Motion to Dismiss**

State Farm argues that because it has deposited the entire amount in controversy with the Court and has served all potential beneficiaries, it no longer has any stake in the dispute regarding the rightful owner of the proceeds between the remaining parties. [Doc. 37.] As stated, no party has opposed State Farm's motion to dismiss. Because the proceeds of the Policy have been deposited with the Court and this is a proper interpleader

action,[3] the Court recommends that State Farm's motion to dismiss be granted.  *See* 28 U.S.C. § 2361.

**Motion for Summary Judgment**

Childers contends he is entitled to summary judgment because there is no genuine issue of material fact with regard to the rightful beneficiary under the policy at issue in this case.  [Doc. 61 at 4.]  Plaintiff has presented evidence establishing that the policyholder changed the beneficiary to Childers on April 14, 2011 [Doc. 61-1] and that the policy holder passed away on September 3, 2013 due to natural causes [Doc. 61-3].  On October 16, 2013, State Farm notified Childers that, although Childers was listed as the beneficiary, the policyholder's family had filed a claim for the proceeds and State Farm was not in a position to determine who was entitled to the proceeds.  [Doc. 61-4.]  Upon consideration of the evidence before the Court and the lack of any opposition to the motion for summary judgment, the Court finds that there is no genuine issue of material fact with respect to the beneficiary of the Policy and, thus, Childers is entitled to judgment as a matter of law.

---

[3] Federal district courts have original jurisdiction over civil interpleader actions filed by a party possessing $500 or more when (1) two or more adverse claimants of diverse citizenship claim entitlement to the money and (2) the money has been deposited to the court.  28 U.S.C. § 1335(a). Statutory interpleader constitutes "an equitable remedy designed to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund."  *Sec. Ins. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, (4th Cir. 2002) (unpublished) (citation omitted). Here, the amount in controversy is greater than $500; there are adverse claimants of diverse citizenship, i.e. New Jersey, South Carolina, and Georgia; and State Farm has deposited the funds with the Court.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the motion to dismiss filed by State Farm be GRANTED; the motion for summary judgment filed by Childers be GRANTED; and the motion for default judgment filed by Childers be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 24, 2014
Greenville, South Carolina